SERLENA HUDSON *v.* STATE COMPENSATION COMMISSIONER

(No. 8981)

Submitted September 6, 1939. Decided October 10, 1939.

462

*Chauncey Browning,* for appellant State Compensation Commissioner.

*Clarence W. Meadows,* Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for appellee Workmen's Compensation Appeal Board.

*Ira P. Hager,* for claimant, Serlena Hudson.

MAXWELL, JUDGE:

Joe Vines was killed August 24, 1938, while at work in a coal mining operation of Pond Creek Pocahontas Company. There is no assertion of right to compensation by his widow because they had been separated for several years prior to his death, and she was not dependent on him.

Claims for compensation were filed on behalf of his infant child, Sarah, and his mother, Serlena Hudson. The Workmen's Compensation Commissioner awarded compensation to the child but refused an award to the employee's mother. On appeal by the latter to the Workmen's Compensation Appeal Board, that body reversed the Commissioner's refusal respecting the mother and awarded compensation to her. The Commissioner has appealed to this Court.

At the time of the death of Joe Vines, his mother, though not living at his home, was partly dependent upon him. Also, the decedent's infant daughter was in the care and custody of his mother.

The Commissioner's refusal of compensation to the mother of the decedent was based on Code, 23-4-10 (f),

which reads as follows: "If the deceased employee be an adult and there be no dependent widow, widower or child under sixteen years of age, or wholly dependent person, but there are partly dependent persons at the time of death, the payment shall be fifty per cent of the average monthly support actually received from the employee during the preceding twelve months, and to continue for such portion of the period of six years after the date of death as the Commissioner in the case may determine, and not to amount to more than a maximum of twenty dollars per month."

The Appeal Board took the position that the quoted section does not stand alone respecting the matter therein embraced, but must be interpreted in conjunction with Code, 23-4-11, which reads: "The benefits, in case of death, shall be paid to such one or more dependents of the decedent, or to such other persons, for the benefit of all of the dependents, as may be determined by the commissioner, who may apportion the benefits among the dependents in such manner as he may deem just and equitable. Payment to a dependent subsequent in right may be made if the commissioner deems proper, and shall operate to discharge all other claims therefor."

The claimant, contending for the soundness of the Board's ruling, urges that it be affirmed, reliance being placed by her on the proposition that if there is incongruity between the statutory provisions quoted, or ambiguity therein, there should be applied a liberal construction, and the doubt resolved in her favor.

There can be no question that sub-section (f), *supra,* unqualified, would exclude an award of compensation to the partly dependent mother of the deceased because of the dependency of the child. That provision, standing alone, is emphatic that the right of a partial dependent to compensation is conditioned on the non-existence of a full dependent. But section 11 couples a wide discretion in the Commissioner in determining beneficiaries with power to enter an award in death cases, and makes no reference to the contingency set forth in sub-section (f).

The original enactment of the Workmen's Compensation Law in this state was at the legislative session of 1913, prior to which time only a few other states had enacted compensation statutes. Among the earlier acts were those of Ohio and Washington and upon them ours seems to have been modeled. The original of sub-section (f) (Code 1937, 23-4-10 [f]) is sub-section (6) of section 33 of chapter 10, Acts of 1913, and the provisions of section eleven (Code 1937, 23-4-11) appear in section 34 of the 1913 act. Through the years the import of these sections has remained unchanged, but, strangely, there has been no case in this Court wherein the two sections have been jointly considered. The language of section 33 (6), chapter 10 of the Acts of 1913 (Code 1937, 23-4-10 [f]) was taken from section (a) (3) of section 5, chapter 74, Acts of the State of Washington of 1911, being section 7679 (a) (3), Remington's Compiled Statutes of Washington, 1922; and section 34 of the original West Virginia Act, 1913, (Code 1937, 23-4-11) was copied from sec. 29, Senate Bill 127, Acts of the State of Ohio of 1911 (section 1465-83, Ohio Code of 1921). Cases from those states do not assist us in the present inquiry because neither state has in its statute the quoted provision which we have borrowed from the other state. Each state (Washington and Ohio) is therefore without the conflict of the West Virginia provisions now in question. So, the sections of our statute here involved, emanating from different backgrounds, must be interpreted in the light of established principles of statutory construction, without special aid of judicial interpretations from the jurisdictions whence those provisions were obtained.

In accord with familiar rules the Court must endeavor to harmonize the above noted inconsistencies in these sections, and to reach a conclusion which will embody the underlying legislative intent, because intent is the background of a statute and is the objective primarily sought in statutory construction. "The intent (of a statute) is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that

intent." II Lewis' Sutherland Statutory Construction, sec. 363.

In effectuating the benign and remedial objectives of our Workmen's Compensation statute there must be liberal construction of its provisions. *Vandall* v. *Commissioner,* 110 W. Va. 61, 158 S. E. 499. This principle must be employed in determining the differentiations of the statute regarding persons claiming compensation on account of the death of an employee in the course of and resulting from his employment. Obviously, the purpose of our statute, and of such statutes generally, is to afford protection against industrial hazards to an employee, his dependents, and, in certain circumstances, his partial dependents.

If sub-section (f) of section 10, and section 11, both *supra,* were to be given each a strict and literal interpretation, a stalemate would be reached in respect to partial dependents, because sub-section (f) makes the absence of full dependents a condition precedent to the recognition of partial dependents, and, with seeming contradiction, section 11 reposes in the Commissioner a breadth of discretion (subject to review by the Appeal Board if arbitrary or plainly wrong) which permits an award to a partial dependent notwithstanding the fact that an award likewise is made to a full dependent. But, as shown, such strictness of interpretation must not be applied. There was obviously a legislative intent that section 11 should be applicable in certain circumstances despite the restrictive terms of sub-section (f) of section 10.

Where there is a wholly dependent widow the payments to her from the compensation fund "shall be thirty dollars per month until death or remarriage" (Code 1937, 23-4-10 [d]), subject to cancellation for specified misconduct. This provision for award to a widow stands as adamant, and, where there is a wholly dependent widow, there is no indication of legislative intent that an award may also be made under any provision of the statute to some other person who is partially dependent. But where there is no wholly dependent widow, obviously situa-

tions may frequently arise in family circles where provision should be made for relatives partly dependent as well as those wholly dependent. Section 11 expressly allows it, and sub-section (f) of section 10 must be interpreted with sufficient liberality not to preclude it. If this seems to give paramount effect to section 11, such result is juridically orthodox under the settled canon of construction that "where there is a conflict between two parts of a single act, the one latest in position will be declared to be the law, as containing the latest expression of the legislative will." *Board of Education* v. *County Court*, 77 W. Va. 523, 529, 87 S. E. 870, 872. Consult: II Lewis' Sutherland Statutory Construction, sec. 349.

Since the commissioner rejected this claim under an erroneous impression of the law, and did not in fact employ the primary discretion in regard thereto conferred on him by Code, 23-4-11, the rulings of the Appeal Board and the commissioner are reversed, and the claim remanded to the commissioner for the exercise of that discretion.

*Reversed and remanded to the Commissioner.*

Fox, PRESIDENT, dissenting.

I cannot concur in the majority opinion. I think Code, 23-4-10 (f), controls, and that Code, 23-4-11, applies only to cases where payments may properly be made to partial dependents, and there are two or more who may be classed as such. In such case the Commissioner may make payment to one of such partial dependents, which will operate to discharge all other claims therefor. I do not think section 11 was intended to weaken in any way the mandatory character of Code, 23-4-10 (f).

Judge Riley concurs in this note of dissent.