HALLTOWN PAPERBOARD COMPANY,
A WEST VIRGINIA CORPORATION

*v.*

THE C. L. ROBINSON CORPORATION

(CC 868)

Submitted May 12, 1966.          Decided June 14, 1966.

*Rice, Hannis & Rice, Lacy I. Rice, Jr.,* for plaintiff.

*Clarence E. Martin, Jr.,* for defendant.

CAPLAN, PRESIDENT:

Halltown Paperboard Company, the plaintiff in this proceeding, owns and operates a manufacturing plant on Flow-

ing Spring Run which flows in an easterly direction in Jefferson County, West Virginia. In the operation of its business the plaintiff, hereinafter referred to as Halltown, uses the water from the stream upon which it is located. The defendant, The C. L. Robinson Corporation, herein called Robinson, owns and operates a farm and orchard which are situate on Flowing Spring Run approximately one mile West of Halltown. Thus, both parties are riparian owners along this stream.

In its complaint Halltown alleges that the use of the water from Flowing Spring Run is necessary to the successful operation of its paperboard plant; that such use has been enjoyed at the same location since 1869; that the defendant, in the operation of its orchard business, has constructed a pumping station whereby large quantities of water are pumped from the stream, said water being used to irrigate its fruit trees; that such continuous pumping has caused a diminution of the stream's water supply to the extent that Halltown's manufacturing operation has been materially damaged; that on at least three separate occasions the defendant's continuous pumping of water diminished the flow of water to the plaintiff's property to such a degree that the plaintiff was forced to shut down and terminate its operations completely for periods of from two and one half hours to four and one half hours; that as a lower riparian owner, the plaintiff is entitled to a free flow of water to its property without disturbance, interference or material diminution by the defendant, an upper riparian owner; and that if the defendant is permitted to continue this pumping operation the plaintiff will suffer irreparable injury and loss.

Upon these facts Halltown sought an injunction to enjoin Robinson from continuing to take water from Flowing Spring Run and in addition sought to recover the sum of $5,994.26 for damages already incurred. After a hearing at which both parties were represented by counsel, the court, on August 30, 1965, granted a preliminary injunction. Subsequently, on September 10, 1965, the defendant filed a motion to dismiss and dissolve the preliminary injunction, stating as grounds therefor: "1. That there is no

jurisdiction in this Court to grant the relief sought in the complaint filed herein. 2. That the pleadings filed herein do not disclose that the plaintiff has exhausted all of its administrative remedies."

On November 24, 1965 the court overruled the defendant's motion and certified the following questions to this Court:

"1. Does this Court have jurisdiction to adjudicate upon the rights of two riparian owners, one upper and one lower, in the waters of a watercourse common to both?

"2. Has the Water Resources Board primary jurisdiction, supervision and administration of all laws relating to the allocation, appropriation, protection, enjoyment and use of the water resources of West Virginia, including the waters in the watercourse involved in this action?

"3. If the answer to No. 2 is in the affirmative, is it necessary for the plaintiff in this action to first exhaust its remedies by applying to the Water Resources Board for redress before it can seek the remedies sought in this action before this Court?"

Certain questions having been certified by the trial court, it must first be determined whether this is matter which is properly certifiable. Any questions pertaining to a ruling of the trial court on a motion which challenges the sufficiency of a pleading are properly certifiable to this Court. Code, 1931, 58-5-2. In the instant case the motion to dismiss challenged the sufficiency of the complaint on the ground that the court lacked jurisdiction to grant the relief sought. The defendant's motion to dismiss was made in accordance with the provisions of R.C.P. 12(b)(1). Demurrers having been abolished by R.C.P. 7(c), their function is now accomplished by a proper motion to dismiss under R.C.P. 12(b). Therefore, the defendant's motion, serving the same function as did the demurrer prior to adoption of the West Virginia Rules of Civil Procedure, properly challenged the sufficiency of the complaint and the questions before us are certifiable.

Of primary concern in answering the specific questions certified to this Court by the trial court is the matter of the jurisdiction of such court in a dispute between riparian owners involving their respective rights to waters in a stream common to both. We are not concerned here with the merits of the case but only with the jurisdiction of the trial court.

It is the position of the defendant that, although the circuit court formerly had jurisdiction over cases involving water rights, the legislature by the enactment of certain bills now contained in Article 5, Chapter 20 of the West Virginia Code, took such jurisdiction from the court and conferred it upon the Water Resources Board. This position is wholly untenable. The material consideration in this proceeding is that the matter in controversy involved a dispute over property rights. That a riparian owner has a property right in the flow of water through or adjacent to his land has long been recognized by our Court and by those in other jurisdictions. *McCausland* v. *Jarrell, et al.,* 136 W. Va. 569, 68 S.E. 2d 729; *Taylor* v. *Chesapeake & Ohio Railway Company,* 84 W. Va. 442, 100 S. E. 218, 7 A.L.R. 112; *Roberts* v. *Martin,* 72 W. Va. 92, 77 S. E. 535; *Harris* v. *Brooks,* 225 Ark. 436, 283 S. W. 2d 129, 54 A.L.R. 2d 1440; *Adams* v. *Greenwich Water Co.,* 138 Conn. 205, 83 A. 2d 177; *Jessup & Moore Paper Co.* v. *Zeitler,* 180 Md. 395, 24 A. 2d 788.

Circuit courts are constitutional tribunals, having been created and provided for by the Constitution itself. Constitution of West Virginia, Article VIII, Section 1. See *Harbert* v. *County Court of Harrison County,* 129 W. Va. 54, 39 S. E. 2d 177. Under the provisions of Article VIII, Section 12 of our Constitution circuit courts are expressly granted original and general jurisdiction of all matters at law, where the amount in controversy exceeds fifty dollars, and of all cases in equity. Certainly the jurisdiction assumed by the Circuit Court of Jefferson County in the instant case is in accordance with that expressly granted by the Constitution. In other words, the character of the action involved in this

case is within the original and general jurisdiction of that court.

When a court, created and in existence by virtue of the Constitution, is granted certain jurisdiction by that document, the legislature has no power to impair the essential nature or jurisdiction thereof. *Bryan* v. *Miller*, 73 N.D. 487, 16 N.W. 2d 275; *Hovey* v. *Noble*, 118 Ind. 350, 21 N.E. 244, 20 Am. Jur. 2d, Courts, §27; 21 C.J.S., Courts §§121 and 124. See also *State ex rel. North Carolina Utilities Commission* v. *Old Fort Finishing Plant*, 264 N.C. 416, 142 S. E. 2d 8. A constitutional court is not subject to legislative control unless specific authority is conferred upon the legislature by the Constitution.

In view of these principles, which clearly reflect the weight of authority, the jurisdiction assumed by the circuit court in this case was not and could not be impaired or in any manner altered by the legislature. Its powers came from the Constitution, the basic law of our state. Such powers can be changed only by proper amendment of the Constitution, not by the legislature. Therefore, the first question certified to this Court must be answered in the affirmative.

Having held that the circuit court does have original and general jurisdiction over the matters involved in this controversy, and that such jurisdiction, being a constitutional grant, can not be impaired by the legislature, consideration of the remaining certified questions would result in a purely academic discussion. It is sufficient to say that we have carefully examined the provisions of Code, 1931, Chapter 20, Article 5, as amended, pertaining to water resources, including the statutes creating the Water Resources Board and the general powers and duties of the chief of its division, and have found nowhere therein the jurisdiction contended for by Robinson.

We are of the opinion that the legislature, in enacting the aforesaid statutes, did not intend nor did it even attempt to confer such jurisdiction upon the Water Resources Board or upon the chief of its division. As noted above, the leg-

islature is without power to deprive a constitutional court of the authority bestowed upon it by the Constitution. Neither could it endow this administrative body with such judicial powers.

By reason of our answer in the affirmative to the first question certified to this Court, and in view of the principles of law stated herein, the second certified question must be and is answered in the negative. This renders an answer to the third question wholly unnecessary.

The rulings of the Circuit Court of Jefferson County are affirmed.

*Affirmed.*