539 S.E.2d 750

**Stamatia C. ZELENKA, Executrix of the Estate of James G. Kapiris, Plaintiff,**

v.

**CITY OF WEIRTON, et al., Defendants.**

No. 26900.

Supreme Court of Appeals of
West Virginia.

Submitted April 11, 2000.

Decided June 12, 2000.

Concurring Opinion of Justice Davis and
Dissenting Opinion of Justice
Starcher July 20, 2000.

Robert P. Fitzsimmons, Esq., Fitzsimmons Law Offices, Wheeling, West Virginia and Mark A. Colantonio, Esq., Frankovitch, Anetakis, Colantonio & Simon, Weirton, West Virginia, Attorneys for the Plaintiff.

David L. Wyant, Esq., Shuman, Annand & Bailey, Wheeling, West Virginia, Attorney for City of Weirton.

Joseph W. Selep, Esq., Zimmer Kunz Prof. Corp., Pittsburgh, Pennsylvania, Attorney for Dover Industries.

Timothy J. Burdette, Esq., Antandig, McDyer, Burdette, Pittsburgh, Pennsylvania, Attorney for Imperial Hoist, Inc.

Michael G. Gallaway, Esq., Burns, White & Hickton, Wheeling, West Virginia, Attorney for Wallover, et al.

MAYNARD, Chief Justice:

In this case, the Circuit Court of Hancock County has certified two questions to this Court. The certified questions and the circuit court's answers are as follows:

Are the death benefits available pursuant to W.Va.Code §§ 23–4–3 (1995), 23–4–4(a) (1995) and 23–4–10(a) (1995) a grossly inadequate or patently unfair workers' compensation remedy for a work related death when the only benefit paid is the statutory payment of a funeral bill in the amount of $3,500?

Answer of the circuit court: Yes.

Does W.Va.Code § 29–12A–5(a)(11) (1986) grant immunity to a political subdivision in a wrongful death case where the claim is covered by workers' compensation, but the only recoverable death benefits are available pursuant to W.Va.Code §§ 23–4–3 (1995), 23–4–4(a) (1995) and 23–4–10(a) (1995), which benefits amounted to $3,500?

Answer of the circuit court: Yes.

First, we must determine whether this is a matter which is properly certifiable. The questions certified arise from a motion to dismiss filed by defendant City of Weirton,

pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, on the ground that the plaintiff's claim is barred by the immunity granted to a political subdivision under W.Va.Code § 29–12A–5(a)(11) (1986). According to W.Va.Code § 58–5–2 (1998),[1] "[a]ny question of law, including ... questions arising ... upon a challenge of the sufficiency of a pleading ... may ... be certified by [the circuit court] to the supreme court of appeals for its decision[.]" *See also* Syllabus Point 1 of *Halltown Paperboard Co. v. C.L. Robinson Corp.*, 150 W.Va. 624, 148 S.E.2d 721 (1966) ("[a]ny questions pertaining to a ruling of the trial court on a motion which challenges the sufficiency of a pleading are properly certifiable."). We have recognized that the purpose of a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the formal sufficiency of the complaint. *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978), *superseded by statute/rule as stated in Handley v. Union Carbide Corp.*, 804 F.2d 265 (4th Cir.1986). We find, therefore, that these questions arise upon a challenge of the sufficiency of a pleading.

█ In addition, certification requires "a sufficiently precise and undisputed factual record on which the legal issues can be determined .... [and that] such legal issues ... substantially control the case." Syllabus Point 5, in part, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994). We have determined that there is a sufficiently precise and undisputed factual record upon which the legal issues may be resolved, and these issues substantially control the case. Therefore, the questions are properly certified under W.Va.Code § 58–5–2 (1998) and are within the jurisdiction of this Court.

█ Further, this Court will not consider certified questions not necessary to the decision of a case. *Shell v. Metropolitan Life Ins. Co.*, 181 W.Va. 16, 380 S.E.2d 183 (1989). We believe that the first question certified to this Court is not necessary to our decision. Accordingly, we do not consider it.[2]

Finally, pursuant to our authority to do so, we rephrase the second certification question before us as follows:[3]

Does W.Va.Code § 29–12A–5(a)(11) (1986) grant immunity to a political subdivision in a wrongful death case where the recoverable benefits under workers' compensation are limited to reasonable funeral expenses pursuant to W.Va.Code § 23–4–4(a) (1995)?

## I.

### FACTS

James G. Kapiris, the plaintiff's decedent, was an employee of defendant City of Weirton. On April 3, 1997, the decedent was working at the city garage when a municipal

---

1. W.Va.Code § 58–5–2 (1998) provides:

   Any question of law, including, but not limited to, questions arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, may, in the discretion of the circuit court in which it arises, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back. The procedure for processing questions certified pursuant to this section shall be governed by rules of appellate procedure promulgated by the supreme court of appeals.

2. We note, however, that the sum of $5000.00 appears to us to be an inadequate amount both in a wrongful death action and as reasonable funeral expenses. However, the Legislature enacted the statutory provisions at issue, and only the Legislature has the authority to amend these provisions. It is not the role of this Court to rewrite statutory provisions simply because they are not to our liking.

3. According to W.Va.Code § 51–1A–4 (1996), "[t]he supreme court of appeals of West Virginia may reformulate a question certified to it." In Syllabus Point 3 of *Kincaid v. Mangum*, 189 W.Va. 404, 432 S.E.2d 74 (1993), we held:

   When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W.Va.Code*, 51–1A–1, *et seq.* and *W.Va.Code*, 58–5–2 [1967], the statute relating to certified questions from a circuit court of this State to this Court.

garbage truck positioned on a hydraulic lift or hoist fell on him, causing his death. A workers' compensation claim was filed as a result of the decedent's death and, because he had no dependents,[4] the workers' compensation benefits available to his estate were limited to $5000.00[5] in funeral expenses.[6]

On August 11, 1998, the plaintiff, Stamatia C. Zelenka, as executrix of the decedent's estate, filed a wrongful death claim in the Circuit Court of Hancock County against, among others, the City of Weirton[7] in which she alleged that the city acted with "deliberate intention" under W.Va.Code § 23–4–2(c)(2)(ii) (1994). The City of Weirton filed a Rule 12(b)(6) motion to dismiss in which it stated that the city is immune from the deliberate intention claim under W.Va.Code § 29–12A–5(a)(11) of The Governmental Tort Claims And Insurance Reform Act (Tort Claims Act). According to this code section, a political subdivision is immune from liability if a loss or claim results from any claim covered by any workers' compensation law.

By order of March 25, 1999, the Circuit Court of Hancock County certified the questions set forth above to this Court.

4. The decedent was 46 years old at the time of his death and was survived by his parents, three sisters, and a brother. He had worked for the City of Weirton for a number of years and was earning an annual salary of $18,336.00.

5. Although the circuit court states that $3,500.00 was paid as reasonable funeral expenses in the decedent's death, the parties agree that the amount actually paid was $5000.00.

6. W.Va.Code § 23–4–4 (1995) provides in relevant part:

(a) In case the personal injury causes death, reasonable funeral expense, in an amount to be fixed from time to time by the division, shall be paid from the fund, payment to be made to the persons who have furnished the services and supplies, or to the persons who have advanced payment for same, as the division may deem proper, in addition to such award as may be made to the employee's dependents.

7. The other defendants include Imperial Hoist, Inc., a Pennsylvania corporation; Weaver, Inc., a Kentucky corporation; and Dover Industries, an Indiana corporation. On March 23, 1999, the plaintiff filed an amended complaint in which she added as defendants, Ace Hydraulic Services Corporation; Wallover, Mitchell, Bontempo & Associates, Inc.; and City of Weirton employees

## II.

## STANDARD OF REVIEW

In Syllabus Point 1 of *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996), we stated: "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Additionally, we note that this case requires us to consider a provision of the Tort Claims Act. "The general rule of construction in governmental tort legislation cases favors liability, not immunity. Unless the legislature has clearly provided for immunity under the circumstances, the general common-law goal of compensating injured parties for damages caused by negligent acts must prevail." Syllabus Point 2, *Marlin v. Bill Rich Const., Inc.*, 198 W.Va. 635, 482 S.E.2d 620 (1996). We are ever cognizant, however, that "[w]hen a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 1, *Cummins v.*

Terry Weigel, Michael Bowman, and Vincent Azzarello.

Concerning the action against the City employees, we have held:

West Virginia Code § 29–12A–5(b) provides that employees of political subdivisions are immune from personal tort liability unless "(1) [h]is or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2)[h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3)[l]iability is expressly imposed upon the employee by a provision of this code."

Syllabus Point 1, *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993). Further, in Syllabus Point 5 of *Brooks v. City of Weirton*, 202 W.Va. 246, 503 S.E.2d 814 (1998), we stated:

*W.Va.Code*, 29–12A–13(b) [1986] prohibits the naming of an employee of a political subdivision acting within the scope of employment as a defendant for the purpose of directly establishing the liability of a political subdivision. However, *W.Va.Code*, 29–12A–13(b) [1986] does not prohibit the naming of an employee of a political subdivision acting within the scope of employment as a defendant for purposes of establishing the employee's liability, when one or more of the statutory exceptions in *W.Va. Code*, 29–12A–5(b) [1986] to employee immunity is present.

*State Workmen's Compensation Com'r,* 152 W.Va. 781, 166 S.E.2d 562 (1969). With these principles to guide us, we proceed with our consideration of the certified question.

## III.

## DISCUSSION

■ The plaintiff argues that, under the specific circumstances of this case, the amount of $5000.00 paid to the decedent's estate as a result of alleged wrongful conduct by the City of Weirton is "grossly inadequate" and "patently unfair" so that immunity should not apply.[8] For legal support, the plaintiff cites footnote 8 of *Brooks v. City of Weirton,* 202 W.Va. 246, 503 S.E.2d 814 (1998) in which we stated, "[w]e do not by our decision in the instant case rule out the possibility that a grossly inadequate or patently unfair workers' compensation remedy for an injury or loss—in an egregious and exceptional case—might give rise to a persuasive argument that 'coverage' under workers' compensation is not meaningfully present for purposes of establishing Governmental Tort Claims Act immunity[.]" The plaintiff concludes that "meaningful" workers' compensation coverage is absent here due to the paucity of the workers' compensation award so that immunity does not apply.

■ W.Va.Code § 29–12A–5(a)(11) (1986) of the Tort Claims Act provides that "[a] political subdivision is immune from liability if a loss or claim results from [a]ny claim covered by any workers' compensation law[.]"[9] In *O'Dell v. Town of Gauley Bridge,* 188 W.Va. 596, 425 S.E.2d 551 (1992), we listed four requirements that must be present before a claim is barred by this provision.

First, the plaintiff must have been injured by the negligence of an employee of a political subdivision. Second, the plaintiff must have received the injury in the course of and resulting from his or her employment. Third, the plaintiff's employer must have workers' compensation coverage. Fourth, the plaintiff must be eligible for such benefits.

188 W.Va. at 603, 425 S.E.2d at 558. In accord with *O'Dell,* we recently held in Syllabus Point 3 of *Brooks v. City of Weirton,* 202 W.Va. 246, 503 S.E.2d 814 (1998):

W.Va.Code, 29–12A–5(a)(11) [1986] grants immunity to political subdivisions in a wrongful death case where the decedent's claim is covered by any workers' compensation law or employer's liability law, even though not all of the beneficiaries of the decedent's estate are eligible for benefits under the workers' compensation law or employer's liability law.

■ The requirements of *O'Dell* are clearly present in the instant case. The decedent was killed allegedly by the wrongful conduct of Weirton city employees,[10] in the course of and resulting from his employment, the City of Weirton had workers' compensation coverage, and the decedent was eligible for workers' compensation benefits. Also, there was a recovery of $5000.00 in funeral expenses paid by the workers' compensation division.

The plaintiff complains of the disparity in recovery available under workers' compensation law and a wrongful death action. In *O'Dell,* however, we rejected the argument that the failure of workers' compensation law to provide compensation for "elements of damages, such as pain and suffering, total lost wages, and mental anguish" means that a claim is not "covered" by workers' compen-

**8.** In oral argument before this Court, the plaintiff made clear that she does not urge us to abolish the immunity found in W.Va.Code § 29–12A–5(a)(11), and she does not challenge the constitutionality of this immunity. This Court has previously found that the qualified tort immunity provisions of the Tort Claims Act do not violate the equal protection principles of W.Va. Const., art. III, § 10 or the certain remedy provisions of W.Va. Const., art III, § 17. *See Randall v. Fairmont City Police Dep't.,* 186 W.Va. 336, 412 S.E.2d 737 (1991) and *O'Dell v. Town of Gauley Bridge,* 188 W.Va. 596, 425 S.E.2d 551 (1992).

**9.** It is uncontested that the City of Wheeling is a political subdivision under the Tort Claims Act.

**10.** Even though it is alleged not that the City's employees were negligent but that they engaged in wanton or reckless misconduct, in *Michael v. Marion County Bd. of Educ.,* 198 W.Va. 523, 482 S.E.2d 140 (1996), we determined that the immunity in W.Va.Code § 29–12A–5(a)(11) includes immunity from deliberate intention causes of action brought pursuant to W.Va.Code § 23–4–2(c)(2).

sation under W.Va.Code § 29–12A–5(a)(11). 188 W.Va. at 610, 425 S.E.2d at 565. We reiterated in *Brooks v. City of Weirton* that "the mere fact that there is a difference between the remedies available under workers' compensation and those available in a wrongful death action does not require the conclusion that there has been 'no recovery of benefits . . . in lieu of damages recoverable in a civil action.'" 202 W.Va. at 252, 503 S.E.2d at 820, *quoting* Syllabus Point 3, in part, of *Marlin v. Bill Rich Const., Inc.*, 198 W.Va. 635, 482 S.E.2d 620 (1996).

As stated above, the general rule of construction in governmental tort legislation cases favors liability, not immunity. The statutory provision at issue, however, is clear and unambiguous. Our task, therefore, is not to construe it but, rather, to simply apply it to the facts of the case. The difficulty with the plaintiff's argument is that it requires us to read into W.Va.Code § 29–12A–5(a)(11) the term "meaningful," as defined by the plaintiff, as a qualification of the term "covered." We decline so to do.[11] The Legislature has clearly provided for immunity under the facts of this case. Therefore, we "may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines."[12] *Lewis v. Canaan Valley Resorts, Inc.*, 185 W.Va. 684, 692, 408 S.E.2d 634, 642 (1991), *citing City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511, 517 (1976).

Accordingly, we hold that W.Va.Code § 29–12A–5(a)(11) (1986) grants immunity to a political subdivision in a wrongful death case where the claim is covered by workers' compensation, and the recoverable benefits are limited to reasonable funeral expenses pursuant to W.Va.Code § 23–4–4(a) (1995).

## IV.

### CONCLUSION

In sum, we find that W.Va.Code § 29–12A–5(a)(11) unambiguously provides that a political subdivision is immune from liability if a loss or claim results from a claim covered by a workers' compensation law. The City of Weirton is covered by a workers' compensation law because the decedent's death allegedly was caused by the wrongful conduct of employees of the City, it occurred in the course of and resulted from his employment, the City had workers' compensation coverage, and the decedent was eligible for such benefits. Further, the decedent's workers' compensation claim resulted in a recovery of $5000.00 in funeral expenses. For these reasons, we answer the certified question as follows:

> Does W.Va.Code § 29–12A–5(a)(11) (1986) grant immunity to a political subdivision in a wrongful death case where the recoverable benefits under workers' compensation are limited to reasonable funeral expenses pursuant to W.Va.Code § 23–4–4(a) (1995)?

ANSWER: Yes.

Certified question answered.

DAVIS, Justice, Concurring:

(Filed July 20, 2000)

Although this case presented two certified questions to the Court, the majority opinion correctly determined that only one question needed to be answered. The certified question that was reduced to its analytical essence, so read: "Does W. Va.Code § 29–12A–5(a)(11) (1986) grant immunity to a political subdivision in a wrongful death case where the recoverable benefits under workers' compensation are limited to reasonable funeral expenses pursuant to W. Va.Code § 23–4–4(a) (1995)?" In view of the nature of the narrow, nonconstitutional argument raised by the plaintiff in this case, the majority opinion answered the certified question in the affirmative. I fully concur in the answer

---

11. We also choose not to elevate the dicta in footnote 8 of *Brooks v. City of Weirton*, relied upon by the plaintiff, into a point of law.

12. This Court has recognized that "the right to bring a tort action for damages, even though there is court involvement, is economically based and is not a 'fundamental right' for . . . state constitutional equal protection purposes." *Robinson v. Charleston Area Medical Ctr.*, 186 W.Va. 720, 728–29, 414 S.E.2d 877, 885–86 (1991).

provided by the majority opinion. I write separately to emphasize two points that were critical to my decision to join the majority opinion.

## A. WORKERS' COMPENSATION BENEFITS WERE LIMITED BECAUSE THE DECEDENT HAD NO DEPENDENTS

This case was not filed in the circuit court by the spouse, children, or other dependents of the decedent. In fact, Mr. Zelenka, the decedent, did not have a spouse, child or any other dependents. This case was prosecuted by the apparent non-dependent executrix of the decedent's estate.[1] I believe this point is critical in understanding the impact of the monetary limitation of $5,000.00 provided by W. Va.Code § 23–4–4(a), pursuant to W. Va. Code § 23–4–10(a).

Under W. Va.Code § 23–4–10(a), workers' compensation benefits payable for fatal injuries are denied only when the decedent has no dependents.[2] This provision of the latter statute limits benefit payments to only medical expenses under W. Va.Code § 23–4–3 and funeral expenses under W. Va.Code § 23–4–4(a). *See* Syllabus point 3, *Hudson v. State Comp. Com'r*, 121 W.Va. 461, 5 S.E.2d 108 (1939) ("The purpose of the Workmen's Compensation Act is to afford protection against industrial hazards to an employee, his dependents, and, in certain circumstances, his partial dependents.").

Footnote two of the majority opinion states "that the sum of $5,000.00 appears to us to be an inadequate amount both in a wrongful death action and as reasonable funeral expenses." Even so, it must be understood that the de minimus amount of workers' compensation benefits payable in this case was triggered solely because Mr. Zelenka had no statutory dependents.

## B. THE PLAINTIFF FAILED TO CONSTITUTIONALLY CHALLENGE THE APPLICATION OF THE IMMUNITY STATUTE

The second point deserving discussion involves the type of challenge presented by Mr. Zelenka in arguing against the City's statutory immunity. Mr. Zelenka seeks to strip the City of its statutory immunity based upon the argument that the workers' compensation funeral expense benefit was not "meaningful." Mr. Zelenka urges this Court to "legislate" by inserting the term "meaningful" in the immunity statute, W. Va.Code § 29–12A–5(a)(11), for the sole purpose of abrogating the city's immunity.

W.Va.Code § 29–12A–5(a)(11) is clear and unambiguous. Political subdivisions are immune from liability for "[a]ny claim covered by workers' compensation law[.]" The statute does not say any "meaningful" claim. The majority opinion, by following our long-standing rules of statutory construction, correctly refused to destroy the immunity granted to the city by the Legislature. There is no ambiguity in the statute's meaning. *See* Syl. pt. 1, in part, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous[.]"); Syllabus point 5, *State of West Virginia v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the

---

1. The record does not indicate what degree of kinship, if any, the executrix had with the decedent.

2. A dependent is defined by W. Va.Code § 23–4–10(d) as follows:
   "Dependent", as used in this chapter, shall mean a widow, widower, child under eighteen years of age, or under twenty-five years of age when a full-time student as provided herein, invalid child or posthumous child, who, at the time of the injury causing death, is dependent in whole or part for his or her support upon the earnings of the employee, stepchild under eighteen years of age, or under twenty-five years of age when a full-time student as provided herein, child under eighteen years of age legally adopted prior to the injury causing death, or under twenty-five years of age when a full-time student as provided herein, father, mother, grandfather or grandmother, who at the time of the injury causing death, is dependent in whole or in part for his or her support upon the earnings of the employee; and invalid brother or sister wholly dependent for his or her support upon the earnings of the employee at the time of the injury causing death.

courts, and in such case it is the duty of the courts not to construe but to apply the statute.").

The only serious challenge to the city's statutory immunity had to be based upon constitutional grounds. As the majority opinion pointed out, in footnote 8 of the opinion, "the plaintiff made clear that she does not ... challenge the constitutionality of this immunity." By failing to urge a constitutional argument, Mr. Zelenka provided absolutely no basis for this Court to invade the authority of the Legislature to deprive the City of its immunity under the circumstances of this case.

This Court has previously upheld the constitutionality of W. Va.Code § 29–12A–5(a)(11), in the context of plaintiffs who received workers' compensation benefits. *See* Syl. pt. 4, *O'Dell v. Town of Gauley Bridge*, 188 W.Va. 596, 425 S.E.2d 551 (1992) ("W. Va.Code § 29–12A–5(a)(11), giving political subdivisions immunity from tort liability in suits by injured persons whose claims are covered by workers' compensation or employer's liability laws, does not violate the equal protection principles of Article III, Section 10 or the 'certain remedy' provision of Article III, Section 17 of the West Virginia Constitution."). However, we have never been asked to determine the constitutionality of the statute when workers' compensation benefits were limited to funeral expenses paid on behalf of a decedent. Therefore, the instant case is clearly distinguishable from the facts and constitutional question set forth in the *O'Dell* decision.[3] While I do not know the outcome had the plaintiff had brought a constitutional challenge, I do know that such a challenge was the only viable mechanism for this Court to seriously consider removing the city's immunity.

STARCHER, Justice, dissenting:
(Filed July 20, 2000)

Footnote 8 of *Brooks v. Weirton* reserved our right to decide whether a minuscule workers' compensation benefit could constitute "coverage" so as to allow the Legislature to divest a plaintiff from their right to sue a negligent tortfeasor.

The majority has now decided that—under the specific facts of the instant case—a $5,000 funeral benefit is sufficient "coverage" to allow a grant of immunity for negligently taking a person's life. I wonder what the majority would do with a $5.00 benefit!

It should be remembered that the constitutionality of taking away people's right to sue tortfeasors is contingent upon there being other avenues for those injured people to obtain redress of their injuries. *Randall* and *O'Dell, supra.* If the majority's reasoning stands, I believe we may have to revisit those cases, and to throw out at least some of our local governmental immunity statutes, as unconstitutional.

But I am hopeful that when we next return to this issue, we will choose the more prudent route of undoing the damage done by the majority opinion in the instant case.

Accordingly, I dissent. I am authorized to say that Justice McGraw joins in this dissenting opinion.

---

**3.** In *O'Dell*, which involved three consolidated cases, each of the plaintiffs had received workers' compensation benefits for nonfatal injuries.