## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Anthony Wilcox and Susan Warrix,**
**Plaintiffs Below, Petitioners**

**vs)  No. 13-0763** (Raleigh County 12-C-322)

**City of Sophia, by and through its mayor,**
**Danny Barr, and Nicholas Manning,**
**Defendants Below, Respondents**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Anthony Wilcox and Susan Warrix, by counsel Stephen P. New and Amanda J. Gardner, appeal the order of the Circuit Court of Raleigh County, entered June 17, 2013, granting summary judgment in favor of Respondents City of Sophia and Nicholas Manning. Respondents appear by counsel Chip Williams and Daniel J. Burns.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners appeal the grant of respondents' motion for summary judgment. Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). We accord a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We note, as well, that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995).

The facts essential to the resolution of this matter are brief and undisputed. Respondent Manning, a City of Sophia police officer, was driving a city police cruiser on May 28, 2010,

1

when he struck a Jan-Care ambulance driven by Petitioner Warrix. Petitioner Wilcox was a passenger in the ambulance. All parties were operating within the scopes of their employment at the time of the accident, and petitioners received workers' compensation benefits. Petitioners filed separate civil complaints, and, after consolidation of their cases, filed an amended complaint in May of 2012. Respondents filed a motion for summary judgment in February of 2013. The circuit court granted that motion by order entered June 17, 2013, finding the claims barred by the Governmental Tort Claims and Insurance Reform Act, West Virginia Code §§ 29-12A-1 to -18.

On appeal, petitioners assert three assignments of error. First, they argue that the circuit court erred in granting summary judgment in advance of the discovery deadline. Second, they dispute the circuit court's conclusion, as well as its authority to conclude, that respondents were not reckless as a matter of law. Third, they argue that the immunity provided by the Governmental Tort Claims and Insurance Reform Act has no application where workers' compensation benefits provide an inadequate remedy for injuries.

For the purpose of evaluating the first assignment of error, we accept as true petitioners' assertion that the summary judgment motion was granted in the early stages of discovery, though the record on appeal is devoid of information relating specific dates or deadlines.[1] This Court has found as a general rule that summary judgment is appropriate only after the parties have had adequate time to conduct discovery, and granting a motion for summary judgment before the completion of discovery is precipitous. *Bd. of Educ. of the Cnty of Ohio v. Van Buren & Firestone, Architects, Inc.*,165 W.Va. 140, 144, 267 S.E.2d 440, 443 (1980). However, in order to defeat a motion for summary judgment, the petitioner must rehabilitate the evidence attacked by the respondent; produce additional evidence showing the existence of a genuine issue for trial; or submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure. *See* Syl. Pt. 3, *Williams*, 194 W.Va. at 56, 459 S.E.2d at 333. *Williams* provides that:

> [A] nonmoving party cannot avoid summary judgment merely by asserting that the moving party is lying. Rather, Rule 56 requires a nonmoving party to produce specific facts that cast doubt on a moving party's claims or raise significant issues of credibility. The nonmoving party is required to make this showing because he is the only one entitled to the benefit of all reasonable or justifiable inferences

---

[1]The civil action docket sheet included in the record on appeal reveals an apparently lean history of litigation prior to the filing of the motion for summary judgment. From review of the docket sheet, we deduce that the original complaints were filed on April 19, 2012, and an amended complaint was filed approximately one month later, then answered in turn. Respondents served interrogatories and requests for production of documents in August of 2012, and followed with a motion to compel discovery on November 13, 2012, though the docket reflects that Petitioner Wilcox's responses were filed served days later and supplemented the following January. Petitioner Warrix served responses on February 8, 2013. That same day, respondents filed their motion for summary judgment. Respondents represent that petitioners served no discovery requests of their own during the pendency of the litigation, and did not schedule or attempt to schedule any witness depositions during that time.

when confronted with a motion for summary judgment. Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuition or rumors.

194 W.Va. at 61 n.14, 459 S.E.2d at 338 n.14 (emphasis in original). Pursuant to *Crum v. Equity Inns, Inc.*, this Court stated that:

An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. *Elliott v. Schoolcraft*, 213 W.Va. at 73, 576 S.E.2d at 800. However, at a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier. *Id.*

224 W.Va. 246, 254, 685 S.E.2d 219, 227 (2009). Furthermore,

[w]e, like the Fourth Circuit, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simple assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in the affidavit." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995).

*Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W.Va. 692, 702, 474 S.E.2d 872, 882 (1996).[2]

In their brief before this Court, petitioners do not claim to have requested that the circuit court delay consideration of the motion for summary judgment until the passing of the discovery deadline. There is no evidence that a vital Rule 56(f) affidavit was prepared. In fact, petitioners' response to respondents' summary judgment motion, which is included in the record on appeal, makes no mention of the discovery deadline. In light of petitioners' silence on this matter prior to receiving a ruling adverse to them, we find that petitioners were not prejudiced by the timing of the court's disposition.

---

[2]Rule 56(f) of the West Virginia Rules of Civil Procedure states:

*When affidavits are unavailable*—Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Next, petitioners argue that the circuit court did not provide sufficient findings of fact to support its conclusion that respondents were not reckless as a matter of law, and that the court exceeded its authority in reaching that conclusion. The determination about the recklessness, if any, of Respondent Manning is significant because West Virginia Code § 29-12A-5(b) provides that an employee of a political subdivisions is immune from personal tort liability unless

> (1) [h]is or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) [h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) [l]iability is expressly imposed upon the employee by a provision of this code.

Syl. Pt. 1, in part, *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993).

> With regard to consideration of the application of immunity, we have written:

> > Though it is the province of the jury to determine disputed predicate facts, the question of whether the constitutional or statutory right was clearly established is one of law for the court. In this connection, it is the jury, not the judge, who must decide the disputed "foundational" or "historical" facts that underlie the immunity determination, but it is solely the prerogative of the court to make the ultimate legal conclusion.

*Hutchison v. City of Huntington*, 198 W.Va. 139, 149, 479 S.E.2d 649, 659 (1996). The *Hutchison* Court also explained that the immunity issue should be "heard and resolved prior to any trial because, if the claim of immunity is proper and valid, the very thing from which the defendant is immune—a trial—will absent a pretrial ruling occur and cannot be remedied by a later appeal." *Id*. at 149 n.13, 479 S.E.2d at 659 n.13.

In the case before us, petitioners have identified no disputed predicate facts requiring jury determination. Furthermore, petitioners have not put forth a single fact to support the conclusive assertion that Respondent Manning may have acted in reckless manner. For that matter, in their brief before this Court, petitioners do not even assert that Respondent Manning acted recklessly. Inasmuch as we have encouraged our circuit courts to resolve questions of immunity at the earliest possible stage, and inasmuch as petitioners have presented not a scintilla of evidence that Respondent Manning acted recklessly, we find that the circuit court properly resolved this question.

Finally, petitioners argue that because they were not adequately compensated for their injuries by respondents' workers' compensation coverage, governmental immunity does not bar their claims. West Virginia Code § 29-12A-5(a)(11) clearly states that a political subdivision enjoys immunity from liability where the loss or claim is the result of "any claim covered by any workers' compensation law or any employer's liability law." The circuit court correctly noted that we have identified four elements necessary for the application of that immunity as follows:

> First, the plaintiff must have been injured by the negligence of an employee of a political subdivision. Second, the plaintiff must have received the injury in the

course of and resulting from his or her employment. Third, the plaintiff's employer must have workers' compensation coverage. Fourth, the plaintiff must be eligible for such benefits.

*Zelenka v. City of Weirton*, 208 W.Va. 243, 247, 539 S.E.2d 750, 754 (2000) citing *O'Dell v. Town of Gauley Bridge*, 188 W.Va. 596, 603, 425 S.E.2d 551, 558 (1992). The circuit court also correctly noted that each of these requirements is met in the present case.

Petitioners urge us to depart from *Zelenka* on the basis of *Brooks v. City of Weirton*, 202 W.Va. 246, 253 n.8, 503 S.E.2d 814, 821 n.8 (1998), wherein we wrote that "a grossly inadequate or patently unfair workers' compensation remedy" may yield the determination that workers' compensation coverage is not "meaningfully present" for the purpose of establishing immunity under the Act. However, we have already stated that we will not read the term "meaningful" into the unambiguous statute, and we have expressed our disinterest in elevating the *Brooks* dicta into a point of law. *Zelenka*, 208 W.Va. at 248 n.11, 539 S.E.2d at 755 n.11. Moreover, even if we changed course and determined to do so, petitioners have provided no evidence concerning the nature of their injuries or the level of their compensation that would allow us to evaluate the sufficiency of the coverage. The statutory immunity provided to Respondent City of Sophia applies based on the presence of workers' compensation coverage and the operation of the *Zelenka* factors as explained by the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5