# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Julia Moses, individually, and as**
**Administratrix of the Estate of**
**Richard Moses,**
**Plaintiff Below, Petitioner**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0680**  (Marshall County 15-C-81)

**The City of Moundsville,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Julia Moses, individually and as Administratrix of the Estate of Richard Moses, by counsel Jacob M. Robinson, appeals the Circuit Court of Marshall County's June 17, 2016, partial dismissal order which found that respondent is immune from any and all claims asserted against it by petitioner. Respondent the City of Moundsville, by counsel Nathanial A. Kuratomi and Stephen F. Soltis, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Richard Moses, petitioner's decedent, was employed as a sanitation worker for the Respondent City of Moundsville on May 17, 2013, when he was struck by a tree and seriously injured while working in the course and scope of his employment. He died as a result of those injuries. His wife, Petitioner Julia Moses, filed suit in the Circuit Court of Marshall County asserting a claim of deliberate intent pursuant to West Virginia Code § 23-4-2(d)(2)(ii) to recover for the decedent's injuries and alleged wrongful death. Respondent filed a motion to dismiss, pursuant to Rule 12(b)(6), asserting that it was entitled to qualified immunity. In response, petitioner argued that respondent's motion was premature "until [petitioner] has been provided an opportunity to review any and all applicable insurance policies purchased by [respondent]." Petitioner was provided a copy of the subject policy of insurance and filed a supplemental response attaching relevant portions of the policy. Petitioner did not dispute that respondent is a political subdivision or that she applied for, and was awarded, workers' compensation benefits as a result of the decedent's death while working for respondent.

On or about June 17, 2016, the circuit court entered an order of partial dismissal, finding that the application of West Virginia Code § 29-12A-5(a)(11) to the undisputed facts of the

1

instant civil action leads to the inescapable conclusion that respondent is immune to any and all claims asserted against it by petitioner. Petitioner appeals from that order.

> When a circuit court *grants* a Rule 12(b)(6) motion and dismisses a complaint for failure to state a claim upon which relief can be granted, appellate review of the circuit court's dismissal of the complaint is *de novo. See, e.g., Shaffer v. Charleston Area Med. Ctr., Inc.,* 199 W.Va. 428, 433, 485 S.E.2d 12, 17 (1997) . . . .

*Kessel v. Leavitt*, 204 W. Va. 95, 119, 511 S.E.2d 720, 744 (1998).

On appeal, petitioner sets forth a single assignment of error: that the circuit court should have denied respondent's motion to dismiss because it waived the immunity conferred upon it by the Governmental Tort Claims and Insurance Reform Act ("the Act"). Petitioner asserts that in *Bender v. Glendenning*, 219 W. Va. 174, 632 S.E.2d 330 (2006), this Court held that a political subdivision can purchase an insurance policy that waives the immunity conferred by the Act. In support of her argument, she also contends that because her action does not seek recovery of state funds, but instead seeks only recovery under and up to the limits of respondent's liability insurance coverage, the circuit court erred in granting respondent's motion to dismiss.

At the outset, we note that *Bender* is a per curiam opinion. As we have previously stated, "[s]igned opinions containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court." Syl. Pt. 1, *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014). As a per curiam opinion, *Bender* does not contain any original syllabus points and does not set forth any new points of law. As set forth in West Virginia Code § 29-12A-5(a)(11), "[a] political subdivision is immune from liability if a loss or claim results from . . . [a]ny claim covered by any workers' compensation law or any employer's liability law." This Court has consistently upheld that statute, including specifically finding as follows:

> "*W.Va.Code,* 29-12A-5(a)(11) [1986] grants immunity to political subdivisions in a wrongful death case where the decedent's claim is covered by any workers' compensation law or employer's liability law, even though not all of the beneficiaries of the decedent's estate are eligible for benefits under the workers' compensation law or employer's liability law." Syllabus Point 3, *Brooks v. City of Weirton,* 202 W.Va. 246, 503 S.E.2d 814 (1998).

Syl. Pt. 3, *Zelenka v. City of Weirton*, 208 W. Va. 243, 539 S.E.2d 750 (2000).

As set forth above, petitioner did not and does not dispute that respondent is a political subdivision or that she applied for and was awarded workers' compensation benefits as a result of the decedent's death while working for respondent. While there were questions about respondent's payment for certain unnecessary insurance coverage, the clear, unambiguous language of the Act conveys immunity to respondent for petitioner's claims. Nothing in the insurance policy at issue in this matter supports petitioner's contention that respondent has waived such immunity.

2

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 7, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker