On certified question of United States District Court for District of Oregon; certification order dated November 23, 2007; certification accepted January 23; argued and submitted on December 9, 2008, certified question answered March 5, 2009

Mia BEHURST,
as personal representative of the
Estate of Tara Lynne Hall, deceased,
*Plaintiff,*

*v.*

CROWN CORK & SEAL USA, INC.,
a Delaware corporation,
aka Crown Cork & Seal Company, Inc.;
and Ameco Corporation,
a Wisconsin corporation,
*Defendants.*

(US District Court No. 04-CV-1261-HA; SC S055500)

203 P3d 207

Mark Morrell, Portland, argued the cause and filed the brief for plaintiff.

Thomas W. Sondag, Lane Powell PC, Portland, argued the cause and filed the brief for defendants. With him on the brief were Vicki L. Smith and Stephanie L. V. Hendricks.

DURHAM, J.

## DURHAM, J.

This case is before this court on a certified question of Oregon law from the United States District Court for the District of Oregon. Plaintiff is the personal representative of the estate of Tara Lynne Hall, decedent. After plaintiff's decedent was killed in the course of her employment with defendant, plaintiff filed an action for wrongful death, alleging that defendant had caused decedent's death by deliberate intention. Defendant responded that Oregon's Workers' Compensation Law, ORS chapter 656, barred the action. The federal district court now asks this court to determine whether ORS 656.156(2) allows the personal representative of a deceased worker to bring an action for intentional wrongful death against the worker's employer, when the only beneficiaries of the claim are the worker's nondependent parents. For the following reasons, we hold that ORS 656.156(2) removes the exclusive liability bar in ORS 656.018(1)(a) to plaintiff's action for wrongful death under ORS 30.020(1).

Before addressing the facts of this case, we summarize the relevant provisions of the Workers' Compensation Law and Oregon's wrongful death statute. ORS 656.017 requires a subject employer to provide compensation for a workers' work-related injuries, among other duties. ORS 656.018(1)(a) provides that, if the employer complies with those duties, it will not be liable for other claims brought by workers for injuries incurred in the course of employment:

> "The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter."

ORS 656.156(2) removes the exclusive liability bar set by ORS 656.018(1)(a), if the employer injures or kills a worker by "deliberate intention":

"If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker, the widow, widower, child or dependent of the worker may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."

ORS 30.020 provides, in part, that a decedent's personal representative may maintain an action against the person who caused the decedent's death, if the decedent would have had the right to maintain such an action, for the benefit of named persons, including surviving parents:

"(1) When the death of a person is caused by the wrongful act or omission of another, *the personal representative of the decedent, for the benefit of the decedent's* surviving spouse, surviving children, *surviving parents* and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, and for the benefit of any stepchild or stepparent whether that stepchild or stepparent would be entitled to inherit the personal property of the decedent or not, *may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission.* * * *

"* * * * *

"(2) In an action under this section damages may be awarded in an amount which:

"(a) Includes reasonable charges necessarily incurred for doctors' services, hospital services, nursing services, other medical services, burial services and memorial services rendered for the decedent;

"(b) Would justly, fairly and reasonably have compensated the decedent for disability, pain, suffering and loss of income during the period between injury to the decedent and the decedent's death;

"(c) Justly, fairly and reasonably compensates for pecuniary loss to the decedent's estate;

"(d) Justly, fairly and reasonably compensates the decedent's spouse, children, stepchildren, stepparents and

*parents* for pecuniary loss and for loss of the society, companionship and services of the decedent; and

"(e)   Separately stated in finding or verdict, the punitive damages, if any, which the decedent would have been entitled to recover from the wrongdoer if the decedent had lived."

(Emphasis added.)

In *Kilminster v. Day Management Corp.*, 323 Or 618, 919 P2d 474 (1996), this court held that ORS 656.156(2) removes the exclusive liability bar in ORS 656.018 to an action by the personal representative of a deceased worker against an employer for the worker's wrongful death, if the personal representative claims that the death resulted from the employer's deliberate intention. *Id.* at 629. The interpretive problem that this case poses, and which *Kilminster* did not resolve, arises from the legislature's use of distinctive terminology in ORS 656.156(2). ORS 656.156(2) lists several persons who have an action against an employer for deliberately killing a worker, but that list omits a "parent" of the worker.[1] By contrast, ORS 30.020(1) expressly mentions "surviving parents" as persons for whose benefit a personal representative may bring a wrongful death action. We must determine whether the omission of nondependent "parents" from ORS 656.156(2) undermines plaintiff's right to bring this action under ORS 30.020(1) on behalf of decedent's surviving parents.

We turn to the facts of this case, which are not in dispute. Plaintiff Behurst is the mother of decedent and, as noted, is the personal representative of decedent's estate. Decedent was killed while working at a can-making plant owned and operated by defendant Crown. At the time of her death, decedent did not have a spouse, child, or dependents as those terms are defined under the Workers' Compensation Law. In the certification order, the district court noted that "[i]t is undisputed that decedent's non-dependent parents are the only potential beneficiaries of any recovery in the subject lawsuit."

---

[1] We recognize that a worker's parent may qualify as a "dependent of the worker" under ORS 656.156(2), but this case does not present that circumstance. Decedent's surviving parents were not her dependents.

Plaintiff filed this action for wrongful death, alleging that defendant had caused decedent's death by deliberate intention.[2] The case subsequently was removed to the federal district court. Defendant moved for summary judgment, arguing that ORS 656.018 barred the action, because plaintiff was not a spouse, child, or dependent of decedent.

The district court initially denied defendant's motion for summary judgment, holding that, under *Kilminster*, plaintiff was authorized to bring the action as decedent's personal representative. After further argument, however, the district court certified the following question to this court:

"Does ORS 656.156(2) provide a cause for action to nondependent parents, or to a personal representative seeking compensation for those parents as beneficiaries, of someone who died on-the-job?"

We accepted the certified question.

■ The answer to the certified question depends on the legislative intent behind ORS 656.156(2) and ORS 30.020. ORS 656.156(2) does not provide a cause of action to nondependent parents or, for that matter, to any person. Rather, that statute states that a worker, spouse, child, or dependent may "take under this chapter" and also may "have cause for action against the employer, *as if such statutes had not been passed* * * *." (Emphasis added.) The phrase, "have cause for action," if read in isolation, might signify a grant of a substantive right to bring an action. But the phrase, "as if such statutes had not been passed," clarifies that matter. The legislature intended to remove a statutory obstacle to the initiation of an action, not to authorize a new basis for civil liability that the law does not already recognize. The phrase "such statutes" can only refer back to the phrase "this chapter," meaning the Workers' Compensation Law. Accordingly, ORS 656.156(2) necessarily assumes that the designated persons—workers, spouses, children, and dependents—may pursue an action against an employer based on some other source of law, as if the exclusive liability bar in ORS

---

[2] Plaintiff also asserted claims of wrongful death by negligence and product liability against Ameco Corporation, which had installed the machine that killed decedent. The district court granted summary judgment to Ameco on those claims. Ameco does not appear before this court, and we do not consider those claims.

656.018(1)(a) did not exist, as long as they allege that the employer caused a worker's injury or death by deliberate intention. This court implicitly recognized as much in *Kilminster* when it stated that ORS 656.156(2) *"removes the bar* that otherwise would prevent a worker from maintaining an action for damages against the employer * * *." 323 Or at 629 (emphasis added).

The question, then, is whether ORS 656.156(2) lifts the procedural bar set out in ORS 656.018(1)(a) for a personal representative seeking compensation for parents as beneficiaries. *Kilminster* answers that question, at least in part. In that case, the parents of a deceased worker brought claims for intentional wrongful death against the worker's employer. The decedent's father also joined as a plaintiff in his capacity as the personal representative of the decedent's estate. The employer argued that ORS 656.156(2) did not permit the father to bring a wrongful death action as a personal representative because a "personal representative" was not listed among the parties to which ORS 656.156(2) permits an action. This court rejected that argument, noting that ORS 656.156(2) authorizes the personal representative to vindicate the statutory rights of the "worker" under that statute by commencing an action against the employer:

> "That statute thus removes the bar that otherwise would prevent a worker from maintaining an action for damages against the employer, even though the worker is dead. Logically, the only party who can pursue that action, and thereby effectuate the substantive right afforded the deceased worker by ORS 656.156(2), is the worker's personal representative. Plaintiff is a person who may bring a claim, the bar to which has been removed by ORS 656.156(2), in the circumstances."

*Id.* Accordingly, this court held that ORS 656.156(2), by removing the exclusive liability bar, clears the way for the filing of an action by the personal representative on behalf of the deceased worker against the worker's employer for intentional wrongful death.

Defendant, however, presents two arguments as to why *Kilminster* should not control the outcome of this case.

First, defendant asserts that, although ORS 656.156(2) permits a personal representative to bring an action, the representative may do so *only for the benefit of the persons named in that provision.* Defendant asserts that, because the only possible beneficiaries of plaintiff's wrongful death action are decedent's nondependent parents, ORS 656.156(2) does not eliminate the exclusive liability bar to plaintiff's action. Defendant stresses that that statute does not provide that nondependent parents may "take under this chapter" or "have cause for action." Second, defendant contends that, under the wrongful death statute, the cause of action belongs to the beneficiaries of the action—in this case, decedent's parents—and, thus, is not the cause of action of a "worker" under ORS 656.156(2).

We reject defendant's first argument. Defendant gives insufficient interpretive weight to a key term in ORS 656.156(2): "worker." The legislature did not qualify that statutory term or otherwise indicate in text that the deceased worker's cause of action against the employer is limited, as long as the claim satisfies the "deliberate intention" criterion. It is that right of the worker that the personal representative enforces in bringing a wrongful death action against the employer under ORS 30.020(1). As this court stated in *Storm v. McClung,* 334 Or 210, 223, 47 P3d 476 (2002), "the wrongful death statute places a decedent's personal representative in the decedent's shoes, imputing to the personal representative whatever rights, and limitations to those rights, that the decedent possessed."

The proper question, therefore, is not whether ORS 656.156(2) lists "parents" as potential claimants under that statute. Rather, the question is whether parents are among those persons on whose behalf a personal representative may institute an action for the deliberate wrongful death of a worker under ORS 30.020. The answer is yes. ORS 30.020(1) authorizes an action for wrongful death on behalf of "surviving parents" if the decedent might have maintained an action against the wrongdoer for the same injurious act or omission. ORS 30.020(2)(d) authorizes an award of damages in a wrongful death action to compensate "decedent's * * * parents for pecuniary loss and for loss of the society, companionship and services of the decedent; * * *." If the personal representative's wrongful death claim satisfies the deliberate intention criterion, the claim is one that "the decedent might

have maintained * * *[,] had the decedent lived, against the wrongdoer * * *." ORS 30.020(1). Accordingly, the personal representative's claim for wrongful death for the benefit of decedent's parents properly vindicates the worker's right to an action under ORS 656.156(2).

Defendant raises other contextual arguments, but they do not persuade us to a different conclusion. For example, defendant notes that ORS 656.005(2) defines a "beneficiary" as "an injured worker, and the husband, wife, child or dependent of a worker, who is entitled to receive payments under this chapter."[3] Defendant treats that provision as evidence of a legislative intent to permit actions for the benefit of only persons expressly named in ORS 656.156(2). That argument ignores the difference between recovery "under this chapter"—i.e., receipt of statutory benefits under ORS chapter 656—and recovery through an action brought by a personal representative of a deceased worker under ORS 30.020(1). ORS 656.156(2) clearly addresses the former when it identifies the parties who may "take under this chapter." It says nothing regarding the latter.[4]

Defendant also accuses the plaintiff of attempting to "supersede" the list of parties who may file an action under ORS 656.156(2) with the list of beneficiaries provided in ORS 30.020(1). Defendant notes correctly that, in 1913, when ORS 656.156(2) was enacted,[5] Oregon's wrongful death statute did

---

[3] ORS 656.005 provides, in part:

"(2) 'Beneficiary' means an injured worker, and the husband, wife, child or dependent of a worker, who is entitled to receive payments under this chapter. 'Beneficiary' does not include:

"(a) A spouse of an injured worker living in a state of abandonment for more than one year at the time of the injury or subsequently. A spouse who has lived separate and apart from the worker for a period of two years and who has not during that time received or attempted by process of law to collect funds for support or maintenance is considered living in a state of abandonment.

"(b) A person who intentionally causes the compensable injury to or death of an injured worker."

[4] Defendant also points to ORS 656.204, which governs the distribution of compensation payments and medical benefits upon a worker's death. Defendant asserts that that statute allocates all such benefits "to the spouse, child, or dependent of the worker, *and to no one else.*" Assuming without deciding that defendant's construction of ORS 656.204 is correct, it does not persuade us that ORS 656.204 has any bearing on who may benefit from an action that is based on laws outside the scope of the Workers' Compensation Law, such as ORS 30.020(1).

[5] General Laws of Oregon, ch 112, § 22, p 204 (1913). As this court has noted, the operative wording of ORS 656.156(2) "has remained unchanged since adoption

not operate for the benefit of the decedent's family or dependents. Instead, the statute allowed a decedent's personal representative to bring a claim on behalf of the decedent's estate and to administer any damages recovered as personal property of the decedent.[6] *See Carlson v. Short Line Ry. Co.*, 21 Or 450, 458-59, 28 P 497 (1892) (describing claims brought under wrongful death act). Defendant asserts that, when the 1913 Legislative Assembly enacted the Workers' Compensation Law, it understood that a personal representative would bring a wrongful death action on behalf of a worker's estate, not on behalf of the parties named in the present version of ORS 30.020(1).

Whether or not that assertion is true, it misses the larger point. Nothing in the statutory text of ORS 656.156(2) supports defendant's contention that the 1913 Legislative Assembly intended to limit the parties who may *benefit* from a legal action, as opposed to the parties who may *bring* the action. The persons who were most likely to benefit from a decedent's estate in 1913—and thus, to benefit from a wrongful death action—are the same persons who are named as beneficiaries under the present wrongful death statute:[7] the decedent's surviving spouse, children, stepchildren, parents,

---

of the [Workers' Compensation Law]." *Kilminster v. Day Management Corp.*, 323 Or 618, 919 P2d 474 (1996).

[6] Lord's Oregon Laws, title V, ch VI, § 380 (1910), provided:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $7,500, and the amount recovered, if any, shall be administered as other personal property of the deceased person."

[7] In 1910, if a decedent died intestate, his or her personal property would have been divided as follows. First, an allowance would have been made to a widow "for the use and support of herself and minor children * * *." Then, the decedent's debts and administration expenses would have been paid. The residue would have been left to the decedent's widow or husband, if they had no children. If there were children, the widow or husband would have received half of the residue. Any remaining personal property would have been divided according to the law of intestate succession for real property. Lord's Oregon Laws, title XLVIII, ch VI, § 7349 (1910). Under the real property statute, children took first, then the spouse, then the father of the decedent, then the brothers and sisters, and so on through the decedent's lineal descendants or kindred. In the absence of lineal descendants or kindred, the property escheated to the state. Lord's Oregon Laws, title XLVIII, ch VI, § 7348 (1910).

stepparents, "and other individuals, if any, who under the law of intestate succession * * * would be entitled to inherit the personal property of the decedent[.]" ORS 30.020(1). If the 1913 Legislative Assembly intended somehow to prevent those persons from recovering the proceeds of a decedent's estate, as opposed to filing an action based on the decedent's death, it could have done so expressly. It did not do so. The text and context of ORS 656.156(2) are not ambiguous. They simply fail to support defendant's first argument.

We answer defendant's second argument—that a wrongful death action belongs to the beneficiaries, not to the worker—by pointing to the statutory construction of ORS 656.156(2) that this court adopted in *Kilminster*. There, the court recognized the practical problem that arises from authorizing a worker who has died to pursue an action against an employer for causing the worker's death by deliberate intention. The legislature's solution to that conundrum was to effectuate the deceased worker's right by authorizing a personal representative to maintain an action for damages, "the bar to which has been removed by ORS 656.156(2) * * *." 323 Or at 629. But, as *Kilminster* also makes clear, the right of action that the personal representative vindicates in this context is "the substantive right afforded the deceased worker by ORS 656.156(2) * * *." *Id.*

It is true that a wrongful death action is not brought on behalf of the worker, but on behalf of the beneficiaries named in ORS 30.020(1) and that any recovery goes to those beneficiaries, not to the worker's estate. Also, ORS 30.020(2)(d) allows an award of damages to compensate the decedent's "spouse, children, stepchildren, stepparents and parents" for "pecuniary loss and for loss of the society, companionship and services of the decedent." In other words, ORS 30.020(2)(d) allows a court to provide recovery to beneficiaries for *their* injuries resulting from the decedent's death. Those parts of the statutory text explain why this court has stated in some of its past decisions that the beneficiaries of a wrongful death action are the "real parties in interest." *Christiansen v. Epley*, 287 Or 539, 545-46, 601 P2d 1216 (1979); *accord Neher v. Chartier*, 319 Or 417, 426, 879 P2d 156 (1994) ("Under the wrongful death statute, the personal

representative of a decedent's estate does not bring a wrongful death action solely on behalf of the estate, but also for the benefit of the decedent's surviving parents."). (Internal quotation marks and punctuation omitted.)

■■ Those provisions identify the real parties in interest in a wrongful death action, but do not alter our previous conclusion regarding the nature of the underlying claim in a wrongful death action. It is the *worker's* claim that the personal representative vindicates. Only the worker's personal representative may maintain an action under ORS 30.020. The personal representative may maintain only one action for each decedent, "no matter how many beneficiaries there be." *Greist v. Phillips*, 322 Or 281, 289, 906 P2d 789 (1995). And, as *Kilminster* confirms, the personal representative's right to bring a wrongful death action is derivative of the decedent's own right to do so. *Kilminster*, 323 Or at 626. Accordingly, we reject defendant's argument that plaintiff's action is not an action of the "worker" under ORS 656.156(2).

Finally, defendant asserts that this court erred in deciding *Kilminster* and that ORS 656.156(2) does not allow a worker's personal representative to bring an action for wrongful death because the statutory text does not mention personal representatives. Defendant asserts that, logically, the cause of action granted to the worker "must be limited to one a worker can bring—an action for injury, not death."

We adhere to *Kilminster*: ORS 656.156(2) provides that, if an employer causes "injury or death" to a worker by deliberate intention, "the worker * * * may * * * have cause for action against the employer, as if such statutes had not been passed * * *." The statute does not distinguish between a cause of action for injury and a cause of action for death, and it does not distinguish between the worker and the other parties who may "have cause for action." Defendant's argument would require this court to read into the statute a limitation on the term "worker" that the text, considered in context, does not justify. We decline to do so.

The certified question is answered.