680 S.E.2d 110

**Evelyn L. "Peach" MURPHY, Administratrix of the Estate of and Andrew John Murphy, Plaintiff Below, Appellant,**

v.

**EASTERN AMERICAN ENERGY CORPORATION, a West Virginia corporation; Kenneth Greathouse, a West Virginia resident; Rodney Paxton, a West Virginia resident; Dorothy Lewis, a West Virginia resident; Dennis Lewis, a West Virginia resident; The Jack Company, a Pennsylvania corporation; S.W. Jack Drilling Company, a Pennsylvania corporation, Defendants Below, Appellees.**

**No. 33811.**

Supreme Court of Appeals of
West Virginia.

Submitted April 29, 2009.

Decided June 23, 2009.

Mark L. French, Esq., Matthew S. Criswell, Esq., Charleston, WV, and Dennis H. Curry, Esq., Spencer, WV, for Appellant.

Thomas V. Flaherty, Esq., Christopher A. Brumley, Esq., Nathaniel K. Tawney, Esq., Justin D. Jack, Esq., Flaherty, Sensabaugh & Bonasso, PLLC, Charleston, WV, for Appellee S.W. Jack Drilling Co.

WORKMAN, Justice.

This case is before the Court upon the appeal of an Order Granting Motion for Summary Judgment entered by the Circuit Court of Logan County, Judge Eric H. O'Briant presiding, on March 21, 2007. The circuit court determined that while the Appellant, Evelyn "Peach" Murphy, had standing to maintain the deliberate intent action pursuant to West Virginia Code § 23-4-2(c)(2005), she could do so only on behalf of the persons who have a cause of action under the statute, which, according to the circuit court, would be widows and widowers, children, and dependents. In reaching this decision, the circuit court relied upon the decision reached by this Court in *Savilla v. Speedway Superamerica, LLC,* 219 W.Va. 758, 639 S.E.2d 850 (2006). Additionally, the circuit court rejected the Appellant's arguments that she was a dependent and that the limitation of beneficiaries in a deliberate intent action violated the Equal Protection Clauses of the West Virginia Constitution or the United States Constitution. Based upon our review of the record before the Court, the parties' briefs and arguments, and all other matters presented, we reverse the lower court's decision and remand this case to the circuit court for further proceedings. In so reversing, we hereby expressly overrule the language of syllabus point three of *Savilla,* as well as any other language in the opinion to the extent that it holds there is no cause of action for an employee's death in a deliberate intention action filed by the decedent's personal representative against the decedent's employer.

## I. Factual and Procedural Background

On November 2, 2005, Andrew John Murphy, the decedent, had been working for S.W. Jack Drilling Company for a little over a month, when he was directed to beat down foam on a mudpit. While working around the mudpit, Mr. Murphy noticed that the liner, which held contaminants, had fallen off the bank of the mudpit. Mr. Murphy was attempting to pull the liner out of the mudpit when he fell into the mudpit and died. Mr. Murphy was nineteen years old.

A family friend, Larry Jett, was first appointed administrator of Mr. Murphy's estate, and filed the instant deliberate intention action against various defendants,[1] seeking recovery under the provisions of West Virginia Code § 23-4-2(d) (2005),[2] on May 17, 2006.[3] Mr. Jett, however, died unexpectedly, causing Mr. Murphy's mother, the Appellant, to be appointed administratrix of his estate on December 12, 2006. The Order substituting the Appellant was entered on December

1. The Defendants included Eastern American Energy Corp., Kenneth Greathouse, Rodney Paxton, Dorothy Lewis, Dennis Lewis, The Jack Company, S.W. Jack Drilling Co., and Turner Excavating, Inc.; however, this appeal was filed only on behalf of S.W. Jack Drilling Co.

2. The Appellant also alleged counts sounding in failure to train, negligent hiring, vicarious liability, joint venture, strict liability, and outrage.

3. The Appellant filed an Amended Complaint with the Court on June 9, 2006, adding an additional Defendant, Turner Excavating, Inc., to the action, and omitting a named Defendant, Kermit Tyree Contracting, Inc., from the action. Subsequently, Kermit Tyree Contracting, Inc. and The Jack Company were dismissed from the action pursuant to an Agreed Orders voluntarily dismissing them entered on June 9, 2006, and July 12, 2006, respectively.

The circuit court, by Order entered August 24, 2006, granted the Plaintiff's Motion to Amend and allowed the Plaintiff to file a Second Amended Complaint, wherein the Plaintiff added causes of action sounding in wrongful death, premises liability, and negligence on the part of the non-employer Defendants. The Plaintiff also omitted the outrage cause of action from the Complaint.

By Order entered August 15, 2006, the circuit court granted then Defendant, Eastern American Energy Corp.'s Motion to Dismiss the strict liability against it, and recognized the omission of the outrage claim from the Plaintiff's Amended Complaint.

By Order entered September 15, 2006, the circuit court granted the Motion to Dismiss filed by the Defendants, Kenneth Greathouse, Rodney Paxton, and S.W. Jack Drilling Co., determining that the Plaintiff's causes of action for failure to train, negligent hiring, vicarious liability, joint venture, strict liability, and outrage, are outside the scope of the deliberate intention statute and could not be maintained against the employer Defendants because of immunity pursuant to West Virginia Code § 23-4-2.

As a result of a mediation of the case, which occurred on January 9, 2007, a settlement of the Plaintiff's claims against the Defendants, Dorothy Lewis, Dennis Lewis, and Turner Excavating, Inc., was reached and those parties were dismissed from the action.

18, 2006. Mr. Murphy's only surviving heirs were his mother and a sister.

Subsequently, the Appellee, S.W. Jack Drilling, Co., filed for summary judgment, claiming that under *Savilla*, while the administratrix had standing to bring a deliberate intent action, the representative can only maintain that action on behalf of those designated in West Virginia Code § 23–4–2(c). The Appellant, however, did not qualify as a "dependent" under the statute, based upon the determination made by Workers' Compensation.[4] Consequently, the Appellee asserted that there were no persons with the statutory right to maintain the action and recover damages.

The lower court, relying upon *Savilla*, agreed with the Appellee and it is this ruling that forms the basis for the instant appeal.

## II. Standard of Review

■ This Court's standard of review for a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* Thus, the Court has held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Applying the foregoing

standard, we now turn consider to the issues before the Court in this case.

## III. Discussion

■ At the center of the case before us is *Savilla*, a decision rendered by the Court less than three years ago. *See* 219 W.Va. at 758, 639 S.E.2d at 850. Because of the confusion that has been caused by one of the holdings reached by the Court in *Savilla*, it is incumbent upon this Court to now critically examine both the facts and law of that case in conjunction with the case sub judice.

The *Savilla* case involved a tragic set of facts in which Linda Kannaird, who was fifty-four years old, drowned when a rescue boat operated by the City of Charleston overturned in flood waters on February 18, 2000. 219 W.Va. at 760, 639 S.E.2d at 852. Ms. Kannaird was being evacuated from a Speedway Superamerica ("Speedway") convenience store where she worked. *Id.* She was not married at the time of her death and had only one adult child, Eugenia Moschgat, who was a resident of North Carolina and who had been estranged from her mother for a number of years. *Id.* at 760–61, 639 S.E.2d at 852–53.

Ms. Moschgat was appointed administratrix of her mother's estate on February 28, 2000. Ms. Moschgat filed a lawsuit against the City of Charleston and Speedway on April 11, 2000, alleging negligence against the City and deliberate intention against Ms. Kannaird's employer, Speedway. *Id.* at 760, 639 S.E.2d at 852.

Subsequently, on June 8, 2000, a number of Ms. Kannaird's siblings, alleging that they

---

**4.** The Appellant raised a second issue raised in this case arising out of the Appellant's filing a claim for workers' compensation benefits based upon being a dependent. The Appellant filed for dependents' benefits with the Workers' Compensation Office of Claims Management on March 16, 2006. On August 11, 2006, the Office of Claims Management issued a decision denying the Appellant's claim due to a determination that she was not a dependent of her son at the time of his death under the provisions of West Virginia Code § 23–4–10(d) (2005). The Appellant's claim for dependent's benefits was denied by the Workers' Compensation Office of Claims Management and not appealed by the Appellant. Pursuant to the provisions of West Virginia Code

§ 23–5–1(b) (2005), upon written notice of any decision a dependent may, within thirty days, file an objection with the office of judges appealing the decision. "Unless an objection is filed within the thirty-day period, the finding or action is final. **This time limitation is a condition of the right to litigate the finding or action and hence jurisdictional.**" *Id.* (Emphasis added).

Notwithstanding this statutory language, however, the Court's ruling today allows the personal representative of a decedent's estate, the Appellant in this case, to pursue a deliberate intention cause of action file on behalf of the decedent. Consequently, the issue of what effect a denial of dependent's benefits has in this matter is now moot.

were potential recipients of damages in the suit filed by Ms. Moschgat, sought to have Ms. Moschgat removed as administratrix and personal representative of Ms. Kannaird's estate, because of her hostility towards and estrangement from her mother. *Id.* The circuit court, upon hearings, found that Ms. Moschgat's hostility toward her late mother's siblings necessitated her removal as personal representative of the estate. *Id.* at 761, 639 S.E.2d at 853. Diana Savilla, Ms. Kannaird's sister, was appointed as the administratrix of the estate. *Id.*

The case proceeded with discovery and took other procedural twists, including an attempted removal to federal court. *Id.* During this time, Speedway and Ms. Moschgat, acting independently from Ms. Savilla, entered into an agreement in which Speedway promised to pay Ms. Moschgat a sum of money for a release of all Ms. Moschgat's personal claims against Speedway. *Id.* The agreement was contingent upon Speedway's dismissal from the action. *Id.*

Thereafter, Speedway filed a motion to dismiss. *Id.* Speedway argued that Ms. Savilla, as the personal representative of Ms. Kannaird's estate, had no standing to assert a deliberate intention claim arising from Ms. Kannaird's death because Ms. Savilla was not within one of the specific classifications of persons who are named in West Virginia Code § 23–4–2(c), referring to "the widow, widower, child or dependent of the employee[.]" *Id.* at 761–62, 639 S.E.2d at 853–54. Speedway also argued that its agreement with Ms. Moschgat satisfied all possible deliberate intention claims against Speedway because Ms. Moschgat was the only potential individual who could have a deliberate intention claim under West Virginia Code § 23–4–2(c) and, therefore, the claims against Speedway required dismissal. 219 W.Va. at 762, 639 S.E.2d at 854.

The circuit court granted Speedway's motion, concluding that deliberate intention claims could only be brought on behalf of the persons listed in West Virginia Code § 23–4–2(c) and could not be pursued by the personal representative of a decedent in a wrongful death suit. *Id.* at 762, 639 S.E.2d at 854. The circuit court did not address Speedway's alternative argument regarding the settlement reached with Ms. Moschgat. *Id.* Ms. Savilla appealed to this Court. *Id.*

On appeal, the Court examined "whether anyone other than Ms. Moschgat had or has a potential cause of action against Speedway, Ms. Kannaird's employer, as a result of her death." *Id.* The Court began its analysis of this question by stating "[a]s previously noted, W. Va.Code, 23–4–2(c) [2005] specifically provides that the 'widow, widower, child or dependent' of an employee has a cause of action against an employer as a result of an employee's death arising from an employer's alleged 'deliberate intention' misconduct." *Savilla,* 219 W.Va. at 762, 639 S.E.2d at 854. The Court then applied the principle of "expressio unius est exclusio alterius[,]" which means "the express mention of one thing implies the exclusion of another[.]" *Id.* (quoting, in part, Syl. Pt. 3, *Manchin v. Dunfee,* 174 W.Va. 532, 327 S.E.2d 710 (1984)). In applying this maxim, the Court concluded that "W. Va.Code, 23–4–2(c)'s express mention of certain person who have a cause of action against an employer for deliberate intention wrongful death damages implies the exclusion of other persons who are not mentioned in the statute." *Savilla,* 219 W.Va. at 762, 639 S.E.2d at 854. Thus, the Court found that "potential damages recovery under a cause of action authorized by W. Va.Code, 23–4–2(c) [2005] is limited to a smaller class of beneficiaries than those persons who are set forth in *W. Va.Code,* 55–7–6[1992] [5] [commonly referred to as 'the

---

5. West Virginia Code § 55–7–6 (2000) provides:

 (a) Every such action shall be brought by and in the name of the personal representative of such deceased person who has been duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, and the amount recovered in every such action shall be recovered by said personal representative and be distributed in

accordance herewith. If the personal representative was duly appointed in another state, territory or district of the United States, or in any foreign country, such personal representative shall, at the time of filing of the complaint, post bond with a corporate surety thereon authorized to do business in this state, in the sum of one hundred dollars, conditioned that such personal representative shall pay all costs ad-

wrongful death statute']." *Savilla*, 219 W.Va. at 763, 639 S.E.2d at 855 (footnote added).

The Court held in syllabus point three of *Savilla* that "[p]ursuant to W. Va.Code, 23–4–2(c) [2005] and W. Va.Code, 55–7–6 [1992], the persons who can potentially recover 'deliberate intention' damages from a decedent's employer are the persons specified in W. Va.Code, 23–4–2(c) [2005]: the employee's widow, widower, child, or dependent of the employee." 219 W.Va. at 759, 639 S.E.2d at 851, Syl. Pt. 3.

The circuit court's application of this holding resulted in the summary judgment, which is the subject of this appeal. It is important to note at the onset that *Savilla* was decided by a simple three to two majority, with Justice Davis and Justice Maynard dissenting. The dissenting opinion pointed out the undeniable flaws in the majority's application of West Virginia Code § 23–4–2(c). West Virginia Code § 23–4–2(c) provides:

> **If injury or death result to any employee from the deliberate intention of his or her employer to produce the injury or death, the employee, the widow, widower, child or dependent of the employee has the privilege to take under this chapter and has a cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable in a claim for benefits under this chapter, whether filed or not.**

*Id.* (Emphasis added).

The majority in *Savilla* omitted any discussion or analysis of the words "the employee" from the persons whom the statute

clearly and expressly states has a claim for "injury or death." 219 W.Va. at 762–764, 639 S.E.2d at 854–855; *see* W. Va.Code § 23–4–2(c). This omission was discussed at length in the dissenting opinion to *Savilla* in which Justice Davis opined that under the deliberate intent statute, a "cause of action exists for an injury or death to an employee." 219 W.Va. at 769, 639 S.E.2d at 861. Further, Justice Davis stated that under West Virginia Code § 23–4–2(c), in a fatal injury case, the " 'employee' means the estate of the employee." 219 W.Va. at 770, 639 S.E.2d at 862. Justice Davis found that the majority opinion in *Savilla*, "abolished a right granted to an employee to have a separate cause of action for his/her death through his/her estate." *Id.* at 771, 639 S.E.2d at 863.

Justice Davis' dissenting opinion was consistent with this Court's prior decision in *Zelenka v. City of Weirton*, 208 W.Va. 243, 539 S.E.2d 750 (2000). In *Zelenka*, the estate of a city employee who was killed in a work-related accident filed a wrongful death action against the city, alleging that the city acted with deliberate intent. 208 W.Va. at 245–46, 539 S.E.2d at 752, 753. The plaintiff's decedent was forty-six years old at that time of his death and was survived by his parents, three sisters, and a brother. *Id.* at 246, 539 S.E.2d at 753 n. 4. A workers' compensation claim was filed as a result of the death and because the decedent had no dependents, the workers' compensation benefits available to his estate were limited to $5,000 in funeral expenses. *Id.* at 246, 539 S.E.2d at 753. It was clear in *Zelenka* that the "case was prosecuted by the apparent

---

judged against him or her and that he or she shall comply with the provisions of this section. The circuit court may increase or decrease the amount of said bond, for good cause.

(b) In every such action for wrongful death, the jury, or in a case tried without a jury, the court, may award such damages as to it may seem fair and just, and, may direct in what proportions the damages shall be distributed to the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be

equitably entitled to share in such distribution after making provision for those expenditures, if any, specified in subdivision (2), subsection (c) of this section. If there are no such survivors, then the damages shall be distributed in accordance with the decedent's will or, if there is no will, in accordance with the laws of descent and distribution as set forth in chapter forty-two of this code. If the jury renders only a general verdict on damages and does not provide for the distribution thereof, the court shall distribute the damages in accordance with the provisions of this subsection.

*Id.*

non-dependent executrix of the decedent's estate." *Id.* at 249, 539 S.E.2d at 756.

The dissenting opinion in *Savilla* was correct in that the majority's omission "muddied the waters with respect to a fatal injury to an employee." 219 W.Va. at 770, 639 S.E.2d at 862. This occurred when the majority simply ignored plain, unambiguous terms set forth by the Legislature in West Virginia Code § 23–4–2(c). This omission and the concomitant confusion it has created cannot be ignored by this Court.

Although this Court is loathe to overturn a decision so recently rendered, it is preferable to do so where a prior decision was not a correct statement of law. As the United States Supreme Court stated regarding the consideration of this difficult decision and its impact on the well-established principle of stare decisis:

> The Court has said often and with great emphasis that "the doctrine of stare decisis is of fundamental importance to the rule of law." *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 494, 107 S.Ct. 2941, 2957, 97 L.Ed.2d 389 (1987). Although we have cautioned that "*stare decisis* is a principle of policy and not a mechanical formula of adherence to the latest decision," *Boys Markets, Inc. v. Retail Clerks,* 398 U.S. 235, 241, 90 S.Ct. 1583, 1587, 26 L.Ed.2d 199 (1970), it is indisputable that stare decisis is a basic self-governing principle within the Judicial Branch, which is entrusted with the sensitive and difficult task of fashioning and preserving a jurisprudential system that is not based upon "an arbitrary discretion." The Federalist, No. 78, p. 490 (H. Lodge ed. 1888) (A.Hamilton). *See also Vasquez v. Hillery,* 474 U.S. 254, 265, 106 S.Ct. 617, 624, 88 L.Ed.2d 598 (1986) (*stare decisis* ensures that "the law will not merely change erratically" and "permits society to presume that bedrock principles are found-

ed in the law rather than in the proclivities of individuals").

Our precedents are not sacrosanct, for we have overruled prior decisions where the necessity and propriety of doing so has been established. *See Patterson v. Mc-Lean Credit Union, supra,* 485 U.S. at 617–618, 108 S.Ct. at 1420–1421 (citing cases). Nonetheless, we have held that "any departure from the doctrine of stare decisis demands special justification." *Arizona v. Rumsey,* 467 U.S. 203, 212, 104 S.Ct. 2305, 2311, 81 L.Ed.2d 164 (1984). *Patterson v. McLean Credit Union,* 491 U.S. 164, 172, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), *superceded in part on other grounds* by the Civil Rights Act of 1991.

Thus, after substantial deliberation, this Court comes to the inevitable conclusion in this case that our prior decision in *Savilla* must be reversed, in part, due to the majority opinion's omission of certain salient statutory language and any substantial discussion thereof. The majority opinion's omission abolished the right of the employee's estate to bring a deliberate intention action against an employer in cases involving the employee's death. W. Va.Code § 23–4–2(c). The omission unquestionably provides this Court with the special justification necessary for the departure from the doctrine of stare decisis.

Additionally, from a pure public policy perspective, it would be an incredible miscarriage of justice for this Court to allow the legally incorrect holding in *Savilla* to stand. The Court in *Savilla* obliterated any means of providing for compensation to those who lose a loved one at the hands of an employee's deliberate intent-type conduct. It is difficult to fathom that West Virginia law would ever allow an employer to act with complete intentional disregard for an employee's life, deliberately intend the employee's death and then be allowed to walk away unscathed by such conduct.[6]

---

**6.** Further, the Appellant posits that upholding *Savilla* also causes the legislative scheme set forth in West Virginia Code § 24–4–2 (2005) to violate the equal protection rights of heirs to the Estate of Andrew John Murphy. Thus, the Appellant argues that utilizing the rational basis test as the statute involves economic rights, the vary-

ing treatment of different groups or persons must be rationally related to a legitimate governmental purpose. *Marcus v. Holley,* 217 W.Va. 508, 523–24, 618 S.E.2d 517, 532–33 (2005)(citing U.S. Const. Amend. 14; W. Va. Const. Art. 3, § 10). The Appellant maintains that the beneficiaries of the Estate of Andrew John Murphy are not re-

 Consequently, it is time to correct the erroneous holding reached by the Court in *Savilla*. "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). Thus, we hold that under the clear and unambiguous terms of West Virginia § 23-4-2(c) (2005), an employee, widow, widower, child, or dependent has a deliberate intention cause of action against the employer for injury or death of an employee. In the event of an employee's death, the decedent's estate has a claim. To the extent that syllabus point three of *Savilla v. Speedway Superamerica, LLC*, 219 W.Va. 758, 639 S.E.2d 850 (2006), conflicts with this holding, it is expressly overruled.

▪ Moreover, West Virginia Code § 23-4-2(c) provides that the employee, the widow, widower, child or dependent of the employee ... "has a cause of action against the employer, **as if this chapter had not been enacted ...** ." *Id.* (emphasis added). Regarding the meaning of this phrase, the majority in *Savilla* relied upon *Collins v. Dravo Contracting Co.*, 114 W.Va. 229, 171 S.E. 757 (1933). In *Collins*, the Court addressed the phrase as follows:

> The question is raised that no recovery can be had in this action by the administratrix because Code, 23-4-2, gives the right of action to "the widow, widower, child or dependent of the employee". We do not think this contention well founded. The statute in question gives the right of action "as if this chapter had not been enacted." If it had not been enacted, then for death by wrongful act the personal

representative sues under Code, 55-7-6, and that section, including its limitation of recovery, would apply to the extent not inconsistent with Code, 23-4-2. Since Code, 23-4-2, names the beneficiaries who take, the recovery under its terms would be distributed to "the widow, widower, child or dependent" and not in accordance with Code, 55-7-6. But it is the personal representative who sues subject to the difference in distribution of any recovery.

*Collins*, 114 W.Va. at 235-36, 171 S.E. at 759. The foregoing discussion was dicta in *Collins*, however, the majority in *Savilla* relied on this dicta to ultimately hold that

> [a] personal representative who is not one of the statutorily-named beneficiaries of a deliberate intention cause of action authorized by W. Va.Code, 23-4-2(c) [2005] has standing to assert a deliberate intention claim against a decedent's employer on behalf of a person who has such a cause of action in a wrongful death suit filed pursuant to W. Va.Code, 55-7-6 [1992].

219 W.Va. at 759, 764, 639 S.E.2d at 851, 855 Syl. Pt. 2.

We continue to uphold this point of law made by the *Savilla* court. Adherence to this holding is also found in a recent decision of the Supreme Court of Oregon in *Behurst v. Crown Cork & Seal USA, Inc.*, 346 Or. 29, 203 P.3d 207 (2009). In *Behurst*, the Oregon court was presented with a certified question from a federal district court asking whether the Oregon Workers' Compensation statute concerning deliberate intention, which is similar to the instant statute, allows the personal representative of a deceased workers' estate [7] to bring a wrongful death action

---

ceiving the same benefits and protections as are the beneficiaries of a deceased person who has been wrongfully killed while not on the job, or who has been killed while on the job, but with a family or dependents.

Succinctly stated, while the Court, due to its decision today, does not have to resolve this particular argument, it is difficult to discern how this different treatment of the two groups is even rationally related to a legitimate governmental purpose, especially in light of a deliberate intention action falling outside the parameter of employer immunity.

Cynical observers might argue that a few irresponsible employers might even assign single

employees with no dependents the unnecessarily dangerous duties in order to protect themselves from liability which might otherwise ensue.

7. In *Kilminster v. Day Management Corp.*, 323 Or. 618, 919 P.2d 474 (1996), the Supreme Court of Oregon had already determined that the Oregon deliberate intention statute, Oregon Revised Statute 656.156(2), removed the bar to an action by the personal representative of a deceased worker against an employer for the worker's wrongful death, if the personal representative claims that the death resulted from the employer's deliberate intention.

In *Kilminster*, the decedent's father was the personal representative of the decedent's estate.

against the employer where the only beneficiaries of the claim were the workers' non-dependent parents. *Id.* at 208–09.

The Oregon court found that the deliberate intention statute within the workers' compensation statutory scheme "removes the exclusive liability bar." *Id.* at 208. In order to answer the certified question, however, the *Behurst* court reasoned as follows:

> The answer to the certified question depends on the legislative intent behind ORS 656.156(2) [8] and ORS 30.020.[9] ORS 656.156(2) does not provide a cause of action to nondependent parents or, for that matter, to any person. Rather, that statute states that a worker, spouse, child, or dependent may "take under this chapter" and also may "have cause for action against the employer, as if such statutes had not been passed * * *." (Emphasis added.) The phrase, "have cause for action," if read in isolation, might signify a grant of a substantive right to bring an action. But the phrase, "as if such statutes had not been passed," clarifies that matter. The legislature intended to remove a statutory obstacle to the initiation of an action, not to authorize a new basis for civil liability that the law does not already recognize. The phrase "such statutes" can only refer back to the phrase "this chapter," meaning the Workers' Compensation Law. Accordingly, ORS 656.156(2) necessarily assumes that the designated persons—workers, spouses, children, and dependents—may pursue an action against an employer based on some other source of law, as if the exclusive liability bar in ORS 656.018(1)(a) did not exist, as long as they allege that the employer caused a worker's injury or death by deliberate intention. This court implicitly recognized as much in *Kilminster* when it stated that ORS 656.156(2) "removes the bar that otherwise would prevent a worker from maintaining an action for damages against the employer * * *."

*Id.* at 475. The Oregon Court rejected the argument that because a personal representative was not expressly named in the deliberate intention statute as have a right to bring an action, the personal representative was precluded from bringing the action. *Id.* at 480. The Oregon court found the argument "not well taken[,]" determining that "[l]ogically, the only party who can pursue that action, and thereby effectuate the substantive right afforded the deceased worker by ORS. 656.156(2), is the workers' personal representative." 919 P.2d at 480.

8. Oregon Revised Statute 656.156(2) provides:

> (2) If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker, the widow, widower, child or dependent of the worker may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes.

*Id.*

9. Oregon Revised Statute 30.020 provides, in relevant part:

> 1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, and for the benefit of any stepchild or stepparent whether that stepchild or stepparent would be entitled to inherit the personal property of the decedent or not, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced by the personal representative . . . or by a person for whose benefit the action may be brought under this section if that person is not the wrongdoer.
>
> (2) In an action under this section damages may be awarded in an amount which:
> (a) Includes reasonable charges necessarily incurred for doctors' services, hospital services, nursing services, other medical services, burial services and memorial services rendered for the decedent;
> (b) Would justly, fairly and reasonably have compensated the decedent for disability, pain, suffering and loss of income during the period between injury to the decedent and the decedent's death;
> (c) Justly, fairly and reasonably compensates for pecuniary loss to the decedent's estate;
> (d) Justly, fairly and reasonably compensates the decedent's spouse, children, stepchildren, stepparents and parents for pecuniary loss and for loss of the society, companionship and services of the decedent; and
> (e) Separately stated in finding or verdict, the punitive damages, if any, which the decedent would have been entitled to recover from the wrongdoer if the decedent had lived.

*Id.*

323 Or. at 629, 919 P.2d 474 (emphasis added).

203 P.2d at 209–10.

In addressing the employer's argument that a personal representative can only bring an action for the benefit of the persons, i.e., the employee, widow, widower, children and dependent, identified in the statute, the Supreme Court of Oregon first recognized that "[i]t is the right of the worker that the personal representative enforces in bringing a wrongful death action against the employer under ORS 30.020(1)." *Id.* at 211. Moreover, the *Behurst* Court reasoned that

> [t]he proper question, therefore, is not whether ORS 656.156(2) lists "parents" as potential claimants under that statute. Rather, the question is whether parents are among those persons on whose behalf a personal representative may institute an action for the deliberate wrongful death of a worker under ORS 30.020. The answer is yes. ORS 30.020(1) authorizes an action for wrongful death on behalf of "surviving parents" if the decedent might have maintained an action against the wrongdoer for the same injurious act or omission. ORS 30.020(2)(d) authorizes an award of damages in a wrongful death action to compensate "decedent's * * * parents for pecuniary loss and for loss of the society, companionship and services of the decedent; * * *." If the personal representative's wrongful death claim satisfies the deliberate intention criterion, the claim is one that "the decedent might have maintained * * *[,] had the decedent lived, against the wrongdoer * * *." ORS 30.020(1). Accordingly, the personal representative's claim for wrongful death for the benefit of decedent's parents properly

vindicates the worker's right to an action under ORS 656.156(2).

*Behurst,* 203 P.3d at 210–211.

 We find the Supreme Court of Oregon's reasoning in *Behurst* persuasive. Accordingly, we hold that the estate of an employee who suffers death as the result of deliberate intent-type conduct that is recognized by the provisions of West Virginia Code § 23–4–2(c)(2005) has a claim on behalf of the beneficiaries thereof, for any excess of damages over the amount received or receivable in a claim for benefits under the workers' compensation statutes, regardless of whether a claim seeking such benefits is filed. In the case of an employee's death, a personal representative of the decedent's estate may assert a deliberate intention claim against a decedent's employer on behalf of any person(s) identified in West Virginia Code § 55–7–6 (2000), so long as the decedent could have maintained the action against the employer by satisfying the deliberate intention statutory criteria as this is the only method for vindicating the worker's right to an action under the provisions of West Virginia Code § 23–4–2(c)(2005).[10]

In reaching this decision, this Court is following the express statutory language of West Virginia Code § 23–4–2, which as the Supreme Court of Oregon found in *Behurst,* guides one to the wrongful death statute in those cases where an employee dies as a result of an employer's deliberate intent-type conduct. Moreover, the wrongful death statute, West Virginia Code § 55–7–6, follows the laws of descent and distribution found in West Virginia Code § 42–1–1, et seq., (2004), for purposes of distributing any damages obtained by the filing of action by the employee's estate.

---

**10.** The decision reached today is consistent with prior decisions of this Court in which the personal representative of an decedent's estate has pursued a deliberate intention cause of action. *See Zelenka,* 208 W.Va. at 243, 539 S.E.2d at 750(allowing non-dependent executrix of decedent's estate to pursue deliberate intention claim); *Michael v. Marion County Bd. of Educ.,* 198 W.Va. 523, 482 S.E.2d 140 (1996)(allowing decedent's spouse to bring deliberate intent cause of action against employer individually and as representative of decedent's estate); *Cline v. Jumacris Min. Co.,* 177 W.Va. 589, 355 S.E.2d 378 (1987)(allowing widow of employee to proceed in her own capacity as well as representative of employee's estate); *see also Roney v. Gencorp,* 431 F.Supp.2d 622 (S.D.W.Va.2006)(allowing executor of estate to pursue deliberate intention claim against employer).

## IV. Conclusion

Based upon the foregoing, because we overrule that portion of the *Savilla* decision relied upon by the circuit court in granting summary judgment in favor of the employer, this Court reverses the circuit court's grant of summary judgment and remands this case for further proceedings consistent with this opinion.

Reversed and Remanded.